OPINION OF THE COURT
Frank D. Paulo, S.
The petitioner has applied to the court for an order permitting him to adopt the son of his wife by her former marriage.
The father of the child was represented by counsel but *230 counsel informed the court on the record that his client had told him he would not appear at the hearing, and the court, therefore, declared that he was in default. The hearing proceeded in his absence and in the absence of counsel and was tried as a default.
The testimony as to the abandonment by the father was given by the mother of the infant. There is no doubt on this record, that insofar as the visitation by the father of the infant, or as to any manifestation of interest by the father in the infant’s welfare and growth, the evidence is clear that he just did not care. The parties separated in October, 1972, and from that date to October of 1973, the father did not support his child.
The matrimonial home was sold in October, 1973, and each of the parties received $3,500. At the time the mother was before the Family Court and the Judge directed the father to deposit his $3,500 in escrow as security for the payment of $75 weekly support ordered by the court. He did not comply with the order of support and the mother was in and out of the Family Court where the Judge directed that the support be paid from the escrow fund.
When the escrow fund was exhausted the mother was forced to apply for public assistance and the Family Court directed payment at the rate of $75 a week. The father’s pension was garnisheed, and the mother received $75 weekly from welfare until 1975 when she went to work.
The only time this father visited his son was on two occasions in 1974. On these visits his primary mission was to threaten the infant’s mother about her recourse to the Family Court to get support.
The issue to be resolved by the court is whether the payment of support, under the facts of this case, coupled with no other demonstrated interest on the part of the parent, is sufficient to preclude a finding of abandonment. This court holds that it does not preclude a finding of abandonment.
The statute under consideration is section 111 (subd 6, par [d]) of the Domestic Relations Law: "Payment by a parent toward the support of the child of a fair and reasonable sum, according to the parent’s means, shall be deemed a substantial communication by such parent with the child or person having legal custody of the child.”
The Temporary State Commission on Child Welfare, Honor *231 able Joseph R. Pisani, Chairman, in its final report dated March, 1978, recommended amendments to the Social Services Law and section 111 of the Domestic Relations Law.
The amendments with which we are concerned in this proceeding were enacted in chapter 666 of the Laws of 1976, effective January 1, 1977, under paragraph (d) of subdivision 6. The commission at page 46 of its report stated: "However, under the proposed amendment to Section 111 of the Domestic Relations Law, which will almost always apply in private-placement adoption situations where no permanent neglect alternative is available, the parent must make child support payments to the extent of his financial ability to do so, before such action will be deemed a substantial communication with the child thereby defeating an attempt to dispense with the need for his consent to adoption. This distinction reinforces the primary difference between the two 'abandonment’ tests— the element of the quality of parental contact, which is present in the Domestic Relations Law provisions but not in the Social Services Law definition.”
The Legislature in enacting paragraph (d) of subdivision 6 did not intend that the father who is dragged to the support table has thereby established substantial communication with his child. Before this section may be invoked to preclude a finding of abandonment, the support given must be voluntary in nature so as to evidence a concern and interest in the child. The record before the court points directly to indifference on the part of respondent toward his child, a lack of concern for the child’s welfare and the performance of the obligation to support only under pressure. The respondent at every turn had to be ordered by the court to provide support, although possessed of the financial ability to pay.
The petition is granted. The abandonment has been established. The consent of the father is not required.