■ In the Matter of LANCE DAVID II, by SHARON CECELIA HH et al., Respondents, v DAVID II, Appellant.—Appeal from an order of the Family Court of Broome County, entered September 21, 1979, which directed that the consent of the respondent father is not required for the adoption of his child. Petitioner Sharon Cecelia HH and respondent were married on June 10, 1972. Thereafter, in November of 1975, they separated and, pursuant to a separation agreement, the custody of their only child, Lance, was given to the wife, and respondent was required to pay $30 per week for child support. Although the parties were technically separated, the record clearly establishes that respondent was reasonably consistent with child support payments in 1976 and cohabited with his wife at her residence for at least nine months during 1977. During this lengthy period of cohabitation the wife did not deny respondent access to her home or to their son. The parties were divorced by decree, entered April 24, 1978, and the natural mother remarried on May 19, 1978. On June 4, 1979, the natural mother and her new husband petitioned for the adoption of Lance and, in the demand for relief, requested that the respondent be found to have abandoned his son, thereby dispensing with the necessity of his consent (Domestic Relations Law, § 111). Family Court, although conceding that petitioners had a heavy burden to prove the abandonment by the respondent of his infant son, nevertheless concluded that the proof satisfactorily met that burden. During the period of about six months following the cohabitation of the parties in 1977 and their divorce in April of 1978, the record is ambiguous as to whether the respondent made any support payments and whether he failed to exercise his visitation rights or was frustrated by his wife's refusal to permit him to see his son. Following the divorce and continuing up to the

date of the petition for adoption, the record is again unclear concerning any payments made by respondent or whether such partial payments as he did offer were rejected by his wife with the demand that he pay his total arrearages as a condition of seeing Lance. Apart from the issues of support and visitation, the record contains uncontested proof elicited from testimony of witnesses called by respondent that he had strong feelings of love and affection for his son and urgently desired to continue his role as Lance's father. Since a determination of whether parental rights have been surrendered is based on whether the proof establishes abandonment as a matter of law *(Matter of Corey L v Martin L,* 45 NY2d 383, 389; see *Matter of Maxwell,* 4 NY2d 429, 433; *Matter of Bistany,* 239 NY 19, 24), we cannot conclude that the proof herein reached that level. While respondent's efforts to maintain a fatherly relationship with his son could have been more diligently pursued, it cannot be said that he made no effort and did not meet some opposition from his wife, particularly after their divorce. In sum, when all the facts are fairly weighed, there is not sufficient evidence to prove abandonment. (See *Matter of Corey L v Martin L,* 45 NY2d 383, 390, *supra.)* Finally, we hold that the amendments to section 111 of the Domestic Relations Law (L 1975, ch 704, § 3; L 1976, ch 666, § 9) providing that proof of insubstantial contacts shall not, standing alone, be sufficient, as a matter of law, to preclude a finding of abandonment, do not alter the manner in which proof of abandonment must be evaluated. The Court of Appeals in *Matter of Corey L v Martin L (supra),* while stating that the amendments were designed to override the "flicker of interest" test *(Matter of Susan W. v Talbot G.,* 34 NY2d 76, 80) and thereby ease the burden of the party seeking to prove abandonment, nevertheless cautioned that courts still must respect constitutional limitations on procedures for termination or deprivation of parental rights, especially where, as here, the proof establishes a nexus between parent and child far stronger than a mere "flicker of interest" *(Matter of Corey L v Martin L, supra,* p 389). Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.