■ In the Matter of ANONYMOUS. ANGELA M., Appellant; PRISCILLA M., Respondent. — In an adoption proceeding, the appeal is from an order of the Surrogate's Court, Richmond County, dated October 29, 1979 and made after a nonjury trial, which granted respondent's motion to dismiss the petition. Order affirmed, with $50 costs and disbursements payable by appellant. In this proceeding petitioner, the second wife of the child's father, asserted that the natural mother (respondent) had abandoned the child and that her consent to the adoption was, therefore, unnecessary (see Domestic Relations Law, § 111, subd 2, par [a]; *Matter of Maxwell,* 4 NY2d 429). At the trial, the factual issues were hotly contested, petitioner and her husband asserting that the level of contacts between respondent and the child were insufficient to preclude a finding of abandonment as a matter of law and, in fact, did constitute an abandonment of the child (see Domestic Relations Law, § 111, subd 6; *Matter of Corey L. v Martin L.,* 45 NY2d 383). The Surrogate found that petitioner and her husband, with whom the child resided, had prevented respondent from visiting the child by, among other

things, moving from Brooklyn to Staten Island without informing her. Where close issues of fact are presented, the Surrogate's appraisals of credibility and resolution of those issues are entitled to great weight on appeal (see *Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76; *Matter of Gardner v Roddy*, 71 AD2d 1040, 1041). The Surrogate's finding that respondent had not abandoned the child, as a matter of law, during or before the six months preceding the commencement of this proceeding, the relevant time period (see *Matter of Michael David K.*, 78 AD2d 901), was not against the weight of the evidence (see *Matter of Corey L. v Martin L., supra; Matter of Lance David II v David II*, 76 AD2d 1036). Titone, J. P., Mangano, Gulotta and Thompson, JJ., concur. [104 Misc 2d 229.]