Matter of J. (2007 NY Slip Op 51086(U))

[*1]

Matter of J.

2007 NY Slip Op 51086(U) [15 Misc 3d 1141(A)]

Decided on May 17, 2007

Family Court, Monroe County

Ruhlmann, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 17, 2007

Family Court, Monroe County
In the Matter of the Adoption of Children Whose First Names are J. and M.
A-06734-06

Ashcraft, Franklin & Young, LLP, by Gregory A. Franklin, Esq., for Petitioner
Conflict Defender's Office, by Rhian D. Jones, Esq., for Respondent
Lori A. Hirtelen, Esq., Law Guardian

Dandrea L. Ruhlmann, J.
The novel issue before the Court is whether a biological mother - who continues to pay child support but agreed to an order permanently suspending her visitation - has abandoned her children rendering unnecessary her consent to their adoption by their step-mother. By amended petitions filed October 27, 2006, Petitioner step-mother CKM (Petitioner) seeks to adopt J and M. By motion filed March 14, 2007, Respondent biological mother TS (Respondent) moves for summary judgment dismissing the petitions as she does not consent to the adoptions. On April 5, 2007 this Court granted Respondent's motion for summary judgment and dismissed the petitions. A written order was entered and mailed to the parties on April 23, 2007. This written decision memorializes the oral decision issued from the Bench.
Statement of Facts:
J and M unfortunately have been entangled with Family Court proceedings since early childhood. In 2000 Respondent was found to have neglected her children (Order of Fact-finding and Disposition, entered October 19, 2000). In 2001, there was a custodial dispute between the children's father TM (Father) and Respondent resulting in an order of joint custody with primary physical residency with Father (Order of Custody, entered June 13, 2001). The proceedings were then transferred to the Integrated Domestic Violence Part resulting in the current custodial consent order (Custody/Visitation Order, entered April 15, 2006) which grants sole custody of the children to Father and suspends Respondent's visitation, additionally ordering that Respondent shall not seek visitation; that Respondent and Father share access to the children's records; and that Father keep Respondent updated regarding issues with the children and provide Respondent with the children's school photographs. Respondent also was ordered to pay $50.00 monthly in child support (Order of Support, entered December 20, 2001). Respondent has consistently paid child support. Father both has accepted the monthly support payments and has never petitioned for a modification of Respondent's support obligation.The children live with Father and Petitioner. Father supports Petitioner's applications to adopt the children. Petitioner contends that she does not need Respondent's consent to the adoptions because Respondent has abandoned the children.
[*2]Statement of Law:
Petitioner can proceed with the adoptions only if she either obtains Respondent's consent or can prove that Respondent "has evinced an intent to forgo. . .her parental. . . rights and obligations as manifested by her failure for a period of six months
(1)to visit the child[ren] and
(2)communicate with the child[ren] or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]).
"Payment by a parent toward the support of the child[ren] of a fair and reasonable sum, according to the parent's means, shall be deemed a substantial communication by such parent with the child[ren] or person having legal custody of the child[ren]" (Domestic Relations Law § 111 [6] [d]).
Respondent has proven her prima facie entitlement to summary judgment by offering proof in admissible form that she has communicated with the children through her consistent payment of child support. In support of her motion, Respondent submits the Order of Support, entered December 20, 2001 ordering her to pay $50.00 monthly in child support. She additionally submits deposition testimony from Father who admits that Respondent has paid approximately $50.00 per month in child support since 2004. Father further avers both that he has accepted all support payments and has never petitioned for an increase in Respondent's support obligation. Father admits that Respondent has consistently paid support and has not missed a payment in the past year. In fact, Respondent has missed only a couple of payments since 2004. Finally, Father avers that at the time of the support order, he earned approximately $4,000 monthly and he currently earns between $4,000-$6,000 monthly.
Petitioner argues that Respondent is not entitled to summary judgment because Respondent has failed to prove that she has voluntarily communicated with her children and has failed to pay a fair and reasonable sum according to her means for the support of her children.[FN1] Petitioner fails to show facts sufficient to require a trial on issues regarding (a) the voluntariness of Respondent's child support payments; and (b) whether $50.00 per month is a fair and reasonable sum according to Respondent's means.
(a) Voluntariness. Payments are deemed involuntary when the payor tries to avoid paying child support (Matter of the Adoption of Anonymous, 104 Misc 2d 229 [Sur Ct, Richmond County 1980] [biological father did not voluntarily comply with support order and his pension had to be garnished]). Child support payments also are involuntary when they are made only to benefit the payor (Matter of the Adoption of Chloe, 3 Misc 3d 1103[A], 787 NYS2d 677 [Sur Ct, Monroe County 2004][one lump sum payment on family home was made to avoid bad credit not to support the child]; Matter of the Adoption of Kaitlyn D., 184 Misc 2d 150 [Fam Ct, Suffolk County 2000] [child support payments made only to avoid incarceration]).
To the contrary, child support payments are deemed voluntary when the payor complies voluntarily with a child support order even if done by wage deduction order - especially where the custodial parent has voluntarily accepted the child support payments (Matter of the Adoption of [*3]Hayley, 190 Misc 2d 764 [Fam Ct, Oswego County 2000]). In Matter of Anthony "S" (291 AD2d 702 [3d Dept 2002], lv denied 98 NY2d 609 [2002]), the court affirmed a finding that child support payments were voluntary. There, although violation petitions had to be filed, respondent-father paid outstanding arrears and was current in his payments at the time of the hearing. The Supreme Court, Third Department also affirmed family court's finding that such support payments constituted proof that respondent-father maintained a substantial relationship with his son - even though respondent-father had not visited with his son in the six months preceding the filing of the adoption petition.
(b) Fair and Reasonable Sum. Petitioner also argues that monthly support payments of $50.00 are not fair and reasonable according to Respondent's means. Respondent was ordered to pay $50.00 monthly pursuant to the Child Support Standards Act (Order of Support, entered December 20, 2001). If Father disagreed with the findings of that order, he could have either appealed it or petitioned for a modification. He did neither. Father's deposition testimony proves that he currently earns at least the same or more than he did at the time of the support order. Father continues to accept the support payments and thus is estopped from arguing that the amount is insufficient (see Matter of the Adoption of Hayley, supra ,190 Misc 2d 764).
Indeed, in Kaplan v Chamberlain (NYLJ, June 10, 1996, at 31, col 4), Suffolk County Family Court determined that even though a biological mother did not visit with her son for over a six-month period she did not abandon him - unless she also did not pay child support. Unlike that case where mother's support payments were "entirely de minimus and sporadic, amounting to a small percentage of what should have been paid in accordance with the underlying order," here, Respondent has consistently paid in accord with the 2001 support order.
(c) Failure for a period of six months to visit the children
Petitioner attempts to persuade the Court that Respondent has abandoned the children because she has not visited with them for a period of more than six months. The law is clear however that a biological mother's consent is always required for the adoption of her children unless she fails both to visit and to pay child support (communicate). Here, Respondent has proven that she has communicated with her children through the payment of support.
The Court takes judicial notice of the prior court orders. While this Court is unfamiliar with the facts that resulted in the consent order preventing Respondent from seeking visitation with the children, the Court notes that Respondent has appeared in all prior proceedings (except the support hearing). This is some evidence that it is not her "actual intent to abandon the child[ren] and [her] own parental position" or she would have simply defaulted (see Matter of Madeline S., 3 AD3d 13, 18 [1st Dept 2003]; contra Matter of the Adoption of Brittany S., 24 AD3d 1298 [4th Dept 2005], lv denied 6 NY3d 708 [2006]; Matter of Shauna B., 305 AD2d 737 [3d Dept 2003] [where biological mothers had no satisfactory explanations for their failure both to visit and pay child support]).
"[A]s our law stands, we do not strip natural parents of their position simply because there is someone in the child[ren]'s li[ves] more consistent, considerate and responsible - - in short, someone who is doing a better job of raising the child[ren]. This is because a termination of parental rights is a drastic event indeed, so much so that it raises questions of constitutional dimension. Accordingly, the law imposes a heavy burden of constitutional magnitude on one who would terminate the rights of a natural parent through adoption. Only after a finding of abandonment of the child by the natural parent do the merits of the proposed adoptive parent become relevant
(Matter of Madeline S., 3 AD3d 13, 17 [1st Dept 2003], quoting Matter of Corey L. v Martin L., 45 NY2d 383, 391-392 [1978]).
[*4]
Accordingly, as previously ordered by this Court, Respondent's motion for summary judgment is granted and in as much as Respondent does not consent to Petitioner's adoption of J and M, the petitions are dismissed with prejudice.
Dated this 17th day of May, 2007, at Rochester, New York.
___________________________
HON. DANDREA L. RUHLMANN
FAMILY COURT JUDGE

Footnotes

Footnote 1:Petitioner also argues that because Respondent previously moved to dismiss the petitions, she is estopped from the current motion for summary judgment. The prior motion to dismiss was denied however because Petitioner's actual petition states a cause of action (CPLR 3211 [7]). This motion for summary judgment differs because Respondent has submitted proof in admissible form, including deposition testimony, showing her prima facie entitlement to judgment as a matter of law (see CPLR 3212 [b]).