■ In the Matter of MAXINE N. [848 NYS2d 535]—

In a proceeding pursuant to Domestic Relations Law § 115-d for certification as a qualified adoptive parent, the petitioner appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated June 15, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

"[T]he overarching concern is whether the best interest of the child would be served by placement in the home of the adoptive parent" (*Matter of Michael JJ.*, 200 AD2d 80, 81-82 [1994]). "Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the qual-

ity of the home environment, and the parental guidance provided" (*Matter of T.,* 269 AD2d 533 [2000] [internal quotation marks omitted]; *see Eschbach v Eschbach,* 56 NY2d 167, 172 [1982]). Other factors to be considered by the court include the relative fitness of the parents and the parents' financial status (*see Matter of Baby Boy P.,* 244 AD2d 491 [1997]; *Matter of Baby Boy L.,* 206 AD2d 470, 471 [1994]). The hearing court, which was in the best position to evaluate testimony, carefully considered all the relevant factors, and its conclusions are supported by the record. Accordingly, the order should not be disturbed. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.