Matter of Phoenix (Joseph K.) (2018 NY Slip Op 08309)





Matter of Phoenix (Joseph K.)


2018 NY Slip Op 08309


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-10330
 (Docket Nos. A-4-17, A-530-16)

[*1]In the Matter of Phoenix (Anonymous), appellant child. Joseph K. (Anonymous), et al., petitioners-appellants; Suffolk County Department of Social Services, respondent-respondent.


Glenn Gucciardo, Northport, NY, for petitioners-appellants.
J. Gary Waldvogel, Hauppauge, NY, attorney for the child, the appellant child.



DECISION & ORDER
In an adoption proceeding, the petitioners and the child separately appeal from an order of the Family Court, Suffolk County (Anthony S. Senft, Jr., J.), dated August 22, 2017. The order, after a fact-finding hearing, dismissed the petition to adopt the child.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petition to adopt the child is reinstated and granted, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance with Domestic Relations Law article 7.
Phoenix (hereinafter the subject child) was born in April 2008. In January 2011, he was removed from his birth mother's care and placed in foster care. In August 2014, the subject child was placed in the foster care of the petitioners, Joseph K. and Donna K. The petitioners had previously adopted two other children, who were sisters. Both of these adopted children had suffered from severe maltreatment prior to their adoption. One of the children died from a brain lesion related to epilepsy at age 16. The other child, when age 14, reported that Joseph K. had sexually abused her. The report was investigated by, among others, child protective services (hereinafter CPS), and was determined to be unfounded. In January 2017, the petitioners commenced this proceeding to adopt the subject child.
Prior to a best interests hearing, Joseph K. declined to consent to the Family Court reviewing the records of the CPS investigation, noting that this would possibly violate the HIPAA rights of his adopted daughter. The Family Court offered, as an alternative, that Joseph K. engage in and complete a sex offender evaluation and for the court to review the evaluation to aid the court in its determination of the best interests of the subject child. Joseph K. rejected this offer.
At the best interests hearing, it was established that the subject child's previous foster parents did not adopt him because of his behavioral problems, and that a family that had subsequently visited with the child for three to four months also decided not to adopt him. Barbara Burkhard, an expert psychologist, testified that the subject child was "perhaps one of the most severely traumatized and attachment disordered children" to ever participate in her posttraumatic [*2]stress disorder attachment therapy treatment program, and that he was unable to control his emotions and behavior. Burkhard testified that the petitioners were able to deal with these issues because they were "perhaps the most skillful parents that we have seen in our office in managing a child like this." Burkhard explained that Joseph K. generally calmed down the subject child through humor, and that the subject child enjoyed his company. Burkhard noted that the subject child's behavior had recently deteriorated because "[t]he disappointment of missing the expected date of his adoption has been a catastrophe for him." For example, the subject child had difficulty leaving the home in the morning because he was afraid that he would be taken away from the petitioners. The evidence at the hearing also showed that the claim of sexual abuse made against Joseph K. had been recanted by the child who made it and that it had been made as a reaction by this troubled child to the death of her sister.
Although all of the witnesses at the hearing, including two caseworkers, attested to the good relationship between the petitioners and the subject child and supported the adoption petition, the Family Court dismissed the petition on the ground that the proposed adoption was not in the subject child's best interests. In doing so, the court noted Joseph K.'s refusal to consent to the disclosure of the records of the CPS investigation and his refusal to undergo a sex offender evaluation. The petitioners and the subject child separately appeal. We reverse.
"A court must determine whether a proposed adoption is in the best interests of the child" (Matter of Isabella [Charles O.], 158 AD3d 799, 800; see Domestic Relations Law §§ 114[1]; 116[4]). " Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided'" (Matter of Maxine N., 46 AD3d 829, 829-830, quoting Matter of T., 269 AD2d 533, 533).
Here, we disagree with the Family Court's determination that the proposed adoption would not be in the subject child's best interests. Notwithstanding Joseph K.'s refusal to consent to the disclosure of the records of the CPS investigation into a report that was deemed to be unfounded, and his refusal to undergo a sex offender evaluation, the overwhelming evidence at the hearing demonstrated that the petitioners were best able to provide for the child's emotional and intellectual development and that Joseph K., rather than posing a danger to this male child, provided a safe, loving, and nurturing home environment. Notably, the court did not direct that the subject child be removed from the petitioners' home, thus reflecting the absence of any concern on the part of the Family Court for the safety of the subject child, as well as suggesting the court's reluctance to disrupt the bond that has formed between the petitioners and the subject child. The effect of the dismissal of the adoption petition is to leave the subject child in foster care legal limbo, without any alternative permanency goal. Considering all of the relevant circumstances, the subject child's best interests would be served by the proposed adoption.
Accordingly, we reverse the order appealed from, reinstate the petition for adoption, grant the petition, and remit the matter to the Family Court, Suffolk County, for further proceedings in accordance with Domestic Relations Law article 7.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court