▮ In the Matter of the Adoption of DONALD U. ANGELO V. et al., Respondents. DONNA U., Appellant. — Appeal from an order of the Family Court of Schenectady County (Litz, J.), entered January 6, 1982, which dispensed with the consent of respondent natural mother to the adoption of her child. Donald U. was born out of wedlock to Donna U. and Wallace W. on May 14, 1978. He remained with his natural mother until April 12, 1979, when she voluntarily delivered Donald to the home of Mr. and Mrs. Angelo V. According to the proof, Wallace W., who was then in jail, requested that Mr. and Mrs. V. care for the child as the natural mother was unable and undesirous of caring for him. In May of 1981, Mr. and Mrs. V. finally filed an adoption petition with Family Court alleging that the consent of the natural mother was not required not only because she had already been adjudicated a neglectful parent, but also because she had evinced an intent to forego her parental rights, thereby abandoning her child. After a fact-finding hearing held to determine whether the consent of Donna U. was required for the proposed adoption, the Family Court decided that her consent was not required for her conduct towards Donald constituted an abandonment, and was evidence of an intent to forego her parental rights within the meaning of subdivision 2 of section 111 of the Domestic Relations Law. This appeal ensued. The determination that parental rights have been surrendered must be supported by legally sufficient evidence. The submitted proof must establish an abandonment as a matter of law (*Matter of Corey L v Martin L*, 45 NY2d 383, 389; *Matter of Lance David II v David II*, 76 AD2d 1036, 1037). We conclude in the instant case that petitioners Mr. and Mrs. V. have met their heavy burden of establishing an abandonment as a matter of law, thereby obviating the need for the natural mother's consent to the child's adoption (see *Santosky v Kramer*, 455 US 745). The order of Family Court must, therefore, be affirmed. "Abandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights — a withholding of interest, presence, affection, care and support" (*Matter of Corey L v Martin L, supra*, p 391). In view of amendments to section 111 of the Domestic Relations Law (L 1975, ch 704, § 3; L 1976, ch 666, § 9) providing that proof of insubstantial contacts shall not, standing alone, be sufficient, as a matter of law, to preclude a finding of abandonment, the burden of proving abandonment has been eased. However, that burden remains a heavy one for constitutional limitations on procedures for termination or deprivation of parental rights must be respected (*Matter of Corey L v Martin L, supra*, p 389; *Matter of Lance David II v David II, supra*, p 1037). And in evaluating the evidence, the reviewing court must first determine that an abandonment has

been established before the statutory amendments can be applied (*Matter of Corey L v Martin L supra,* p 391). In the case at bar the evidence clearly demonstrates that Donna U. had virtually no contact with her son from April, 1979 to the date of the fact-finding hearing in November, 1981. The corroborated proof establishes that during this entire period, there were only as few as three times when mother and child had contact of any kind. Donna U. sent no cards or presents, on either Donald's birthday or for Christmas, and placed only one phone call to petitioners during the entire period. There was also evidence that Ms. U. never called petitioners to speak with the child, or to inquire as to his well-being. The testimony of Ms. U. is vague and indefinite. In addition, the unconvincing claim that Ms. U. had no transportation to visit her child is suspect, since her lack of visitation and contact occurred at a time when Donald's paternal grandmother, with whom Ms. U. had continuous contact, was regularly visiting with Donald. Moreover, there was a period when Ms. U. was living with the paternal grandmother and still she did not go to visit her son, although the grandmother did. Further, she admits that the child addressed her as Donna, and Mrs. V. as mother. In fact, there admittedly was an 11-month period during 1981, the year of the hearing, when Ms. U. made no effort to phone or visit her son. There was but one visit with her son substantiated during 1980. Donna U.'s acts and omissions undeniably evince her intention to forego all parental rights and obligations and constitute "a withholding of interest, presence, affection, care and support" (*Matter of Corey L v Martin L, supra,* p 391). Thus, the infrequent and insubstantial contacts of the natural mother are not sufficient to thwart the Family Court's finding of an abandonment. Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.