■ In the Matter of the Adoption of DONALD U. ANGELO V. et al., Respondents; RICHARD D. WICKERHAM, as Law Guardian for DONALD U., an Infant, Appellant. — Appeal from an order of the Family Court of Schenectady County (Litz, J.), entered June 10, 1983, which, *inter alia,* determined that it is in the best interest of the child for the adoption proceeding commenced by petitioners to continue.

The child who is the subject of this proceeding was born out of wedlock on May 14, 1978. He remained with his mother until April 12, 1979 when she voluntarily took him to petitioners, the prospective adoptive parents, to care for him. The natural father, who was in jail for a conviction of second degree assault, had requested that petitioners take care of the child because the mother was unable and unwilling to do so. Subsequently, petitioners filed adoption petitions. As a result of litigation commenced by the Schenectady County Department of Social Services, Family Court found that the mother had abandoned the child and dispensed with the need for her consent to adoption. Such determination was affirmed by this court (*Matter of Donald U.,* 91 AD2d 1152). The adoption proceedings continued and, on May 24, 1983, Family Court held that (1) the natural father's consent was not required, (2) it was in the best interest of the child for the adoption proceedings to continue for further processing by the court, and (3) the child's paternal grandmother would continue to have reasonable visitation rights.[*] The Law Guardian for the child has appealed.

We note at the outset that the propriety of Family Court's dispensing with the need for the natural father's consent has not been raised on this appeal. The only issue before us is the Law Guardian's contention that adoption by petitioners is not in the best interest of the child. We disagree.

The standard to be applied in arriving at a disposition in an adoption proceeding is the best interest of the child (Domestic

---

[*] Since appeal to this court as of right lies only from dispositional orders (Family Ct Act, § 1112, subd a) and since the parties do not raise this point, we assume that "further processing" simply refers to procedural matters confirming the adoption by petitioners.

Relations Law, §§ 114, 116). In support of his contention, the Law Guardian points to the prospective adoptive father's criminal record, his less than honorable discharge from the United States Marine Corps and his failure, until recently, to support his two children by a previous marriage. These facts, while hardly praiseworthy, are mitigated by other evidence in the record. The prospective adoptive father is now 32 years old and the crimes all occurred before he was 20. With regard to his military history, he received a Purple Heart for wounds received while serving in Vietnam, but was given a general discharge after having gone AWOL and stealing a car. This occurred when he was 19 years old. Lastly, the prospective adoptive father's refusal to pay support for his two children by a previous marriage resulted from his previous wife's assertion that they were not his children. After she alleged that he was the father, he began paying support.

Balanced against these facts is testimony by caseworkers of the Department of Social Services that the child is being well cared for by petitioners, that he is healthy and happy and considers petitioners to be his parents, and that, in the interest of stability, the child should remain with petitioners, who have been caring for him continuously for over five years. We conclude that Family Court's determination with regard to the best interest of the child was proper.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.