■ In the Matter of BABY BOY P. DANYEL P., Appellant; SUSAN S. et al., Respondents. [664 NYS2d 340] —In a contested private placement adoption proceeding pursuant to Domestic Relations Law § 115, in which the biological mother's revocation of her extrajudicial consent to adoption was opposed by the adoptive parents, the biological mother appeals from an order of the Family Court, Kings County (Schechter, J.), dated July 19, 1996, which, after a hearing, determined that it was in the best interests of the child to remain in the custody of his adoptive parents.

Ordered that the order is affirmed, without costs or disbursements.

The adoptive child, a male infant, was born on December 22, 1995. The next day, the biological mother of the adoptive child executed an extrajudicial consent to adoption of the child. On January 16, 1996, the biological mother executed a revocation of her extrajudicial consent. The revocation was timely (*see,* Domestic Relations Law § 115-b [3] [a]) and was thereafter opposed by the adoptive parents, resulting in a "best interests" hearing pursuant to Domestic Relations Law § 115-b (3) (b) and (6) (d) (v). The Family Court held that it was in the best interests of the child to remain in the custody of his adoptive parents.

"Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see, Eschbach v Eschbach,* 56 NY2d 167, 172). Other factors to be considered by the court include the original placement of the child, the length of that placement, the relative fitness of the parents, and the parents' financial status (*see, Klat v Klat,* 176 AD2d 922, 923)" (*Matter of Baby Boy L.,* 206 AD2d 470, 471). Additionally, while the age of the prospective adoptive parents is one factor that may be considered, age, alone, must not be decisive (*see, Matter of Jennifer A.,* 225 AD2d 204).

Here, the hearing court gave careful consideration to the foregoing factors, and its determination was supported by the record. Specifically, uncontroverted evidence was adduced at the hearing that the biological mother has led in the past, and continues to lead in the present, a chaotic, unstable lifestyle, while the adoptive parents have demonstrated the ability to establish and maintain continuous and stable relationships, and are far better suited to meet the day-to-day and life-long physical, emotional, and material needs of the child. Thus, the hearing court's determination that the best interests of the child will be promoted by having him remain with the adoptive parents was proper. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.