■ In the Matter of JACLYN L. F. and Others, Infants. GREGORY S. et al., Appellants; LEGAL AID SOCIETY, Respondent. [697 NYS2d 158] —In three consolidated adoption proceedings pursuant to Domestic Relations Law § 114, in which the petitioners seek to adopt Jaclyn L. F., Christina F., and Danni G., who have resided in the petitioners' home since their births, the petitioners appeal from an order of the Family Court, Suffolk County (Freundlich, J.), entered July 7, 1998, which denied the petitions and dismissed the proceedings.

Ordered that the order is affirmed, without costs or disbursements.

The petitioners obviously love and care for the subject children. Nevertheless, the Family Court properly exercised its discretion and considered the best interests of the children in evaluating the factors in favor of and against the children's adoption (*see,* Domestic Relations Law § 114; *Matter of Michael B.,* 80 NY2d 299, 313-314; *Matter of Michael JJ.,* 200 AD2d 80, 82; *Matter of Donald U.,* 105 AD2d 875). While perfection is not demanded of adoptive parents (*see, Matter of George L. v Commissioner of Fulton County Dept. of Social Servs.,* 194 AD2d 955), the recent history of drug use by Gregory S., the proposed adoptive father, cannot be minimized and the record does not support his claim of recovery (*cf., Matter of Michael JJ.,* 200 AD2d 80, 82, *supra*). Although his court-ordered drug tests were negative, his prior drug use and convictions were not sufficiently remote in time to adequately assure that the best interests of the children were protected (*see,* Domestic Relations Law § 114 [1]). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.