In the Matter of BABY BOY M. JANET M., Appellant; DAVID H. et al., Respondents. [703 NYS2d 221] —In a contested private placement adoption proceeding pursuant to Domestic Relations Law § 115, in which the biological mother's revocation of her extrajudicial consent to adoption was opposed by the adoptive parents, the biological mother appeals from an order of the Family Court, Richmond County (Richardson, J.), dated May 15, 1997, which, after a hearing, determined that it was in the best interests of the child to allow the adoptive parents to proceed with the adoption.

Ordered that the order is affirmed, without costs or disbursements.

Shortly after the birth of the subject child, the biological mother executed an extrajudicial consent to the adoption of the child. The mother subsequently executed a timely revocation of her extrajudicial consent, which was opposed by the adoptive parents. As a result, a "best interests" hearing was conducted pursuant to Domestic Relations Law § 115-b (3) (b) and (6) (d) (v).

"Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided" (*Matter of Baby Boy L.,* 206 AD2d 470, 471; *see, Eschbach v Eschbach,* 56 NY2d 167, 172). "Other factors to be considered by the court include the original placement of the child, the length of that placement, the relative fitness of the parents, and the parents' financial status" (*Matter of Baby Boy L., supra,* at 471; *see, Klat v Klat,* 176 AD2d 922).

Here, the hearing court's determination was supported by the record. Specifically, uncontroverted evidence was adduced at the hearing that the biological mother had led a nomadic, unstable life, while the adoptive parents demonstrated the ability to establish and maintain continuous and stable relationships, and are far better suited to meet the day-to-day and life-long physical, emotional, and material needs of the child. Thus, the hearing court properly determined that the

best interests of the child will be promoted by allowing the adoptive parents to proceed with adoption (*see, Matter of Baby Boy P.,* 244 AD2d 491). Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.