■ In the Matter of T. SALVATORE INZERILLO et al., Appellants. [703 NYS2d 741] —In a proceeding pursuant to Domestic Relations Law § 115-d for certification as qualified adoptive parents, the petitioners appeal from an order of the Family Court, Suffolk County (Freundlich, J.), entered April 1, 1999, which denied the petition.

Ordered that the order is affirmed, without costs or disbursements.

" 'Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see, Eschbach v Eschbach*, 56 NY2d 167, 172). Other factors to be considered by the court include the original placement of the child, the length of that placement, the relative fitness of the parents, and the parents' financial status (*see, Klat v Klat*, 176 AD2d 922, 923)' " (*Matter of Baby Boy P.*, 244 AD2d 491, quoting *Matter of Baby Boy L.*, 206 AD2d 470, 471). It is well settled that the "analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, because that court is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties" (*Matter of Baby Boy L., supra*, at 472). The hearing court's decision evinces a careful consideration of all the relevant factors, and its conclusions are fully supported by the record. Accordingly, the order should not be disturbed. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.