■ LAWRENCE GERENSTEIN, Respondent, v SHELLEY A. WILLIAMS, Appellant. [723 NYS2d 255] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 23, 1999 in Ulster County, upon a decision of the court in favor of plaintiff.

In 1990, plaintiff was convicted of conspiring to commit murder and was sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years. At the time of his conviction, plaintiff was the owner of certain income-producing real property located in the Town of Lloyd, Ulster County. By reason of plaintiff's incarceration, he was unable to manage the property and, accordingly, retained defendant, a real estate broker and friend, for that purpose.

In 1993, defendant advised plaintiff that it was necessary to refinance the mortgage on the real property in order to satisfy a $70,000 distributive award owed to plaintiff's former wife, bring the real estate taxes current and satisfy the existing mortgage. In furtherance of such refinancing, defendant visited plaintiff on April 27, 1994 and had him sign certain documents, one of which, unbeknown to plaintiff, was a deed transferring the subject property to defendant. Thereafter, on May 27, 1994,

defendant received $200,000 in new mortgage proceeds with which she satisfied the judgment in favor of plaintiff's former wife, paid plaintiff's daughter $15,000 owed to her by plaintiff, satisfied the delinquent taxes and the preexisting mortgage and retained the remaining funds, which amounted to approximately $36,000. Additionally, defendant thereafter collected and retained for her personal use the rents generated by the property.

Following his parole release in 1997, plaintiff commenced this action, sounding in fraud, seeking to set aside the conveyance to defendant and money damages. Following a nonjury trial, Supreme Court found in plaintiff's favor, imposed a constructive trust and awarded plaintiff $258,000 in damages. Defendant now appeals.

Initially, defendant contends that Supreme Court failed to comply with the provisions of CPLR 4213 inasmuch as it simply cited the proposed findings of fact submitted by plaintiff and, thus, failed to undertake an independent evaluation and analysis of the record. We disagree. Initially, we note that there is no way to determine whether Supreme Court adopted verbatim, as contended by defendant, plaintiff's proposed findings of fact because the document complained of is not part of the record on appeal. Nevertheless, the mere adoption of a party's proposed findings of fact does not, ipso facto, compel a conclusion that the trial court did not undertake an independent evaluation of the record. It is more likely that Supreme Court did exactly that and, as a result, concurred with the proposed findings submitted.

With regard to defendant's contention that Supreme Court's findings are not supported by the record, we note that such findings rest, in large part, upon Supreme Court's assessment of the credibility of the witnesses and are therefore entitled to great deference (*see, Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823). Moreover, our independent consideration of the probative weight of the evidence and inferences to be drawn therefrom persuades us that Supreme Court properly resolved the issues in plaintiff's favor (*see, Strauf v Ettson Enters.*, 106 AD2d 737, 738). We have considered defendant's remaining arguments and find them to be equally without merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.