■ Lawrence Gerenstein, Appellant, v Shelley A. Williams, Defendant, and IMC Mortgage Company, Respondent. [723 NYS2d 257] —Crew III, J. Appeals (1) from order of the Supreme Court (Bradley, J.), entered March 23, 2000 in Ulster County, which, *inter alia*, granted defendant IMC Mortgage

Company's motion to amend a prior judgment of the court to expressly state that plaintiff's reacquisition of certain property is subject to a mortgage owned by said defendant, and (2) from the amended judgment entered thereon.

In April 1994, plaintiff executed a deed conveying certain real property located in the Town of Lloyd, Ulster County, to defendant Shelley A. Williams (hereinafter defendant). Following such conveyance, defendant pledged the property as security for a $200,000 mortgage loan, which was recorded on June 30, 1994. Defendant thereafter obtained a second mortgage loan, again pledging the property as security for $65,000. Finally, defendant obtained a third mortgage in the amount of $262,500, secured by the real property in question, the moneys from which were used to, *inter alia,* satisfy the two previous mortgages. The latter mortgage was recorded on February 24, 1998 and assigned to defendant IMC Mortgage Company on February 26, 1998. Plaintiff commenced the instant action against defendant seeking, *inter alia,* the imposition of a constructive trust upon the real property in his favor on the ground of fraud and, in connection therewith, filed a lis pendens on January 30, 1998. Following a nonjury trial, Supreme Court found in favor of plaintiff and directed that the subject property be conveyed back to him (*see, Gerenstein v Williams,* 282 AD2d 786 [decided herewith]).

On July 30, 1999, IMC learned of plaintiff's action and, by order to show cause, moved for permission to intervene and to amend the judgment. That motion was granted in all respects and the judgment was amended to provide that the real property be reconveyed to plaintiff subject to the mortgage held by IMC. Plaintiff now appeals.

As limited by his brief, plaintiff contends that Supreme Court erred in amending the judgment because IMC's mortgage lien was subordinate to the lawsuit and its outcome inasmuch as the lien was not recorded until after the notice of pendency was filed. We disagree. The record makes plain that while plaintiff filed the lis pendens prior to recordation of the third and final mortgage held by IMC, plaintiff had actual knowledge of that mortgage before the lis pendens was filed. It is axiomatic that "[t]he mere filing of a notice of pendency will not suffice to permit its holder to prevail over a prior unrecorded interest of which he has knowledge" (*La Marche v Rosenblum,* 50 AD2d 636). Moreover, inasmuch as the proceeds from IMC's mortgage were used to satisfy two previous mortgages of record prior to the filing of the lis pendens, the doctrine of equitable subrogation applies (*see, R.C.P.S. Assocs. v Karam Developers,* 238 AD2d 492, 493).

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and amended judgment are affirmed, with costs.