■ In the Matter of the Adoption of ALICIA TT., an Infant. MICHAEL SS. et al., Appellants. [742 NYS2d 155] —Mugglin, J. Appeal from an order of the Surrogate's Court of Cortland County (Avery, Jr., S.), entered January 22, 2001, which dismissed petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Alicia TT.

Alicia TT. was born out of wedlock on June 28, 1990. Petitioner Lisa SS. (hereinafter the mother), Alicia's biological mother, and petitioner Michael SS. (hereinafter the stepfather) have cohabited since September 1990, were married in 1993 and, thereafter, had two children. Alicia is unaware that the stepfather is not her biological father or that her last name is not the same as petitioners' last name. In February 2000, petitioners instituted this private placement adoption proceeding.* In a letter to Surrogate's Court, petitioners' counsel requested that the court allow the child to leave the courtroom prior to any announcements that would reveal the nature of the proceeding. The required postpetition investigations were conducted (see, Domestic Relations Law § 116) and a home study was ordered.

In the reports filed with Surrogate's Court, the investigator revealed that, contrary to the verified adoption petition, an "indicated" report had been filed with the State Central Register of Child Abuse and Maltreatment against the mother, the

---

* The biological father executed a judicial consent to adoption and is not otherwise involved in this proceeding.

mother refused to allow the investigator to interview the child alone, the mother had not originally admitted that she had once been separated from the stepfather and the mother had failed to disclose that she had once been on probation. Concluding that the mother did not want the court to have an accurate picture of her family life, the investigator declined to make a recommendation regarding the petition. On the basis of this documentation, without holding a hearing, Surrogate's Court dismissed the adoption petition, without prejudice, as the result of the mother's perceived unwillingness to cooperate with the home study investigator, inconsistencies regarding the child abuse report, the refusal of the mother to allow the investigator to interview the child alone and petitioners' request that the court not disclose the nature of the proceeding to the child. Petitioners appeal, and we reverse.

While overt fraud and misrepresentation in the petition can provide an adequate basis to dismiss (*see, Matter of Baby Girl S.*, 141 Misc 2d 905, *affd* 150 AD2d 993, *affd sub nom. Matter of Raquel Marie X.*, 76 NY2d 387, *cert denied* 498 US 984), no evidence of such is contained in this record. It appears that the mother's perceived unwillingness to cooperate with the home study investigator stems from her desire to keep the nature of the proceedings secret from her daughter. The inconsistencies alluded to concerning the child abuse report appear to have stemmed from an affidavit prepared by the mother's counsel in which the terms "indicated" and "unfounded" were confused. In any event, it appears that the event giving rise to the report occurred when the child was two weeks old and was struck by the biological father while being held by the mother. There is not the slightest indication that any similar conduct has since occurred. Moreover, the status of the mother is unaffected by these proceedings and the report expresses no concerns regarding the fitness of the stepfather, nor is there any evidence to suggest that the child is other than healthy, happy and loved.

We have previously held that "the unassailable and overriding consideration in any adoption proceeding remains the best interest of the child" (*Matter of George L. v Commissioner of Fulton County Dept. of Social Servs.*, 194 AD2d 955, 956; *see,* Domestic Relations Law § 116 [4]; *Matter of Michael JJ.*, 200 AD2d 80, 81-82; *Matter of Donald U.*, 105 AD2d 875, 875). We have further held that "even an unacceptable record of misconduct by adoptive parents may be mitigated by evidence that the proposed adoptive child is 'healthy and happy and considers petitioners to be [her] parents'" (*Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., supra*

at 956, quoting *Matter of Donald U., supra* at 876). We, therefore, hold that it was error for Surrogate's Court to dismiss this petition without holding a hearing.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Cortland County for further proceedings not inconsistent with this Court's decision.