■ In the Matter of PIERRE. MARLENE S. et al., Appellants. [784 NYS2d 650]—

In a proceeding pursuant to Domestic Relations Law §§ 115 and 115-d to certify the petitioners as qualified adoptive parents, the petitioners appeal from an order of the Family Court, Rockland County (Garvey, J.), dated December 22, 2003, which denied the petition and dismissed the proceeding, without a hearing.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.

The subject child was born in Haiti on October 23, 1992, and apparently was adopted by the petitioners in that jurisdiction in

1998. The petitioners originally instituted a petition pursuant to Domestic Relations Law § 115-a to adopt the child as an eligible foreign orphan, but, at the behest of the organization then known as the Immigration and Naturalization Service, filed the current petition pursuant to Domestic Relations Law §§ 115 and 115-d. Based solely upon an "indicated" report of child abuse which was filed with the Statewide Central Register of Child Abuse and Maltreatment, and a neglect proceeding which was settled without a finding of abuse or neglect, the Family Court denied the petition and dismissed the proceeding, without a hearing.

In an adoption proceeding, the main concern of the court is the best interests of the child (see Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., 194 AD2d 955, 956 [1993]; see generally Matter of Jacob, 86 NY2d 651, 658 [1995]). The petitioners proffered significant evidence to support their contentions that they are able to support and nurture the child, and that the allegations in the report of child abuse were, at most, a one-time aberration. Therefore, the Family Court abused its discretion in denying the petition without a hearing to determine the child's best interests (see Matter of Alicia TT., 294 AD2d 642, 643-644 [2002]). Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.