■ In the Matter of ANYA W. DARRYL W. et al., Appellants; CHALIKA W.-R. et al., Respondents. [64 NYS3d 895]—

Appeals from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated September 16, 2016, in a contested private placement adoption proceeding pursuant to Domestic Relations Law article 7. The order determined that it was in the subject child's best interests to reside with the prospective

adoptive parents and that the birth parents' revocation of extrajudicial consent to adoption would not be given effect.

Ordered that the order is affirmed, without costs or disbursements.

Shortly after the birth of the subject child, the biological parents each executed an extrajudicial consent to the adoption of the child. The biological parents each subsequently executed a timely revocation of their extrajudicial consent, which was opposed by the adoptive parents. As a result, a "best interests" hearing was conducted pursuant to Domestic Relations Law § 115-b (3) (b) and (6) (d) (v).

The primary factors to be considered in determining what custodial disposition will be in a child's best interests include the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Summer A.*, 49 AD3d 722, 725 [2008]; *Matter of Baby Boy M.*, 269 AD2d 450 [2000]; *Matter of Baby Boy P.*, 244 AD2d 491 [1997]; *Matter of Baby Boy L.*, 206 AD2d 470, 471 [1994]). In addition, other relevant considerations include the original placement of the child, the length of that placement, the financial status and ability of the parents to provide for the child, and the relative fitness of the prospective adoptive parents and the biological parents (*see Eschbach v Eschbach*, 56 NY2d at 172; *Miller v Pipia*, 297 AD2d 362 [2002]; *Matter of Baby Boy M.*, 269 AD2d at 450; *Matter of Baby Boy P.*, 244 AD2d 491 [1997]; *Matter of Baby Boy L.*, 206 AD2d at 471).

Here, the Family Court's determination was supported by the record. Specifically, the adoptive parents demonstrated the ability to establish and maintain continuous and stable relationships and employment, and the record demonstrates that they are better suited to meet the day-to-day and life-long physical, emotional, and material needs of the child. Thus, the hearing court properly determined that the best interests of the child will be promoted by allowing the adoptive parents to proceed with adoption (*see Matter of Baby Boy M.*, 269 AD2d at 450; *Matter of Baby Boy P.*, 244 AD2d at 492).

Contrary to the biological mother's contention, the Family Court properly determined that the biological parents' execution of the consent was not the product of any fraud, duress, or coercion (*see* Domestic Relations Law § 115-b [7]; *Matter of Sarah K*, 66 NY2d 223, 242 [1985]; *Matter of Baby Girl Z.*, 154 AD2d 471 [1989]). Moreover, neither the biological mother's alleged mistake as to the meaning of the form nor her failure to

read the form before signing it constitutes a valid ground for vitiating the consent (*see Matter of Sarah K*, 66 NY2d at 241; *Matter of Baby Boy B.*, 163 AD2d 673, 674 [1990]). Rivera, J.P., Cohen, Miller and Barros, JJ., concur.