Matter of Isabella (Charles O.) (2018 NY Slip Op 01309)





Matter of Isabella (Charles O.)


2018 NY Slip Op 01309


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11650
 (Docket No. A-4243-15)

[*1]In the Matter of Isabella (Anonymous), Charles O. (Anonymous), appellant.


Kevin Gomez, Middletown, NY, for appellant.



DECISION & ORDER
Appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), dated September 27, 2016. The order, after a fact-finding hearing, dismissed the petition to adopt the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings on the petition before a different judge.
The petitioner, who has been the legal guardian of the subject child, Isabella, since 2011, filed a petition to adopt her in 2015. Isabella's father consented to the adoption. Following a hearing, the Family Court found that the consent of Isabella's mother was not required because she had abandoned the child. Nevertheless, the court dismissed the petition on the ground that the petitioner has a lengthy criminal record, refusing to make any further inquiry into any other factor bearing on whether the adoption would be in the child's best interests.
A court must determine whether a proposed adoption is in the best interests of the child (see Domestic Relations Law §§ 114[1]; 116[4]; Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710-711; Matter of Baby Boy M., 269 AD2d 450, 450-451; Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., 194 AD2d 955, 956). The court should consider all the relevant factors (see Matter of Maxine N., 46 AD3d 829, 829-830; Matter of Baby Boy M., 269 AD2d at 450; Matter of Baby Boy P., 244 AD2d 491, 491). "[P]erfection is not demanded of adoptive parents" (Matter of Jaclyn L.F., 265 AD2d 553, 553), and "even an unacceptable record of misconduct by adoptive parents may be mitigated by evidence that the proposed adoptive child is healthy and happy and considers petitioners to be his [or her] parents" (Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., 194 AD2d at 956 [internal quotation marks omitted]; see Matter of Alicia TT., 294 AD2d 642, 643; Matter of T., 291 AD2d 565, 566).
Here, the Family Court erred in determining that the adoption was not in the child's best interests based solely on the petitioner's criminal history. The court should have received evidence and considered other factors relevant to the issue. This is particularly true since the petitioner had been appointed the child's permanent guardian and had served in that role for over five years, which was most of the child's life, and all of the petitioner's convictions occurred more than 20 years before he commenced this proceeding (see Matter of T., 291 AD2d at 566; Matter of [*2]Jennifer A., 225 AD2d 204, 207; Matter of Donald U., 105 AD2d 875, 876).
Accordingly, the matter must be remitted to the Family Court, Orange County, for further proceedings on the petition, before a different judge.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court