Matter of Baby Boy O. (Brittney L.P.--Nicholas J.P.) (2018 NY Slip Op 04229)





Matter of Baby Boy O. (Brittney L.P.--Nicholas J.P.)


2018 NY Slip Op 04229


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, AND CURRAN, JJ.


741 CA 17-02175

[*1]IN THE MATTER OF BABY BOY O. BRITTNEY L.P. AND NICHOLAS J.P., PETITIONERS-RESPONDENTS; MELODY O., RESPONDENT-APPELLANT; ADOPTION S.T.A.R., AND SEAN D. LAIR, GUARDIAN AD LITEM, RESPONDENTS-RESPONDENTS. 






NIXON PEABODY LLP, ALBANY (CAITLIN A. DONOVAN OF COUNSEL), FOR RESPONDENT-APPELLANT.
ASHCRAFT FRANKLIN & YOUNG, LLP, ROCHESTER (GREGORY A. FRANKLIN OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 
GLEASON, DUNN, WALSH & O'SHEA, ALBANY (BRENDAN C. O'SHEA OF COUNSEL), FOR RESPONDENT-RESPONDENT ADOPTION S.T.A.R.
DEVALK, POWER, LAIR & WARNER, P.C., SODUS (SEAN D. LAIR OF COUNSEL), RESPONDENT-RESPONDENT PRO SE. 


 Appeal from an order of the Surrogate's Court, Wayne County (Richard M. Healy, S.), entered March 16, 2017. The order granted the petition for approval of the adoption of Baby Boy O. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Shortly after the birth of the subject child, Melody O. (respondent), the child's biological mother, executed a surrender of guardianship and custody of the child to respondent Adoption S.T.A.R. Respondent subsequently executed a revocation of her surrender, and the parties, pursuant to a stipulated order, later agreed that her surrender of the child was voluntary and effective and that her revocation was proper and timely. The stipulated order triggered a hearing to determine the issue of custody of the child based on his best interests (see Social Services Law § 384 [5], [6]).
Social Services Law § 384 (6) provides that, "[i]n an action or proceeding to determine the custody of a child not in foster care surrendered for adoption and placed in an adoptive home or to revoke or annul a surrender instrument in the case of such child placed in an adoptive home, the parent or parents who surrendered such child shall have no right to the custody of such child superior to that of the adoptive parents, notwithstanding that the parent or parents who surrendered the child are fit, competent and able to duly maintain, support and educate the child. The custody of such child shall be awarded solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular custodial disposition." "The primary factors to be considered in determining what custodial disposition will be in a child's best interests include the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided . . . In addition, other relevant considerations include the original placement of the child, the length of that placement, the financial status and ability of the parents to provide for the child, and the relative fitness of the prospective adoptive parents and the biological parents" (Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710 [2d Dept 2017]).
Contrary to respondent's contention, we conclude that the determination of Surrogate's Court to permit petitioners, the adoptive parents, to complete the adoption is supported by the record inasmuch as "the adoptive parents demonstrated the ability to establish and maintain continuous stable relationships and employment, and the record demonstrates that they are better suited to meet the day-to-day and life-long physical, emotional, and material needs of the child" (id. at 709; see Matter of Baby Boy M., 269 AD2d 450, 450-451 [2d Dept 2000]).
We similarly reject respondent's contention that the Surrogate erred in crediting the expert testimony regarding bonding and attachment disorder. In our view, that testimony was not unduly speculative, and the fact that the studies cited by the expert were based on children removed from their biological parents, as opposed to their adoptive parents, was an issue relevant to the weight to be given to the testimony, not its admissibility (see generally Likos v Niagara Frontier Tr. Metro Sys., Inc., 149 AD3d 1474, 1476 [4th Dept 2017]).
We reject respondent's further contentions concerning the validity of her surrender. The record establishes that her unambiguous, open-court stipulation that the surrender was voluntary was reduced to an order that provided, inter alia, that respondent "recognizes that her surrender was properly, voluntarily, and knowingly given, without undue pressure and not under duress; and she withdraws any objections which she has made to the manner in which her surrender was given" (see CPLR 2104).
Finally, contrary to respondent's contention, we conclude that she was not denied effective assistance of counsel inasmuch as she did not "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Reinhardt v Hardison, 122 AD3d 1448, 1449 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Brenden O., 20 AD3d 722, 723 [3d Dept
2005]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court