Matter of T. (Marcia M.) (2018 NY Slip Op 08313)





Matter of T. (Marcia M.)


2018 NY Slip Op 08313


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-05516
 (Docket No. A-4942-17)

[*1]In the Matter of T. (Anonymous). Marcia M. (Anonymous), petitioner-respondent; Administration for Children's Services, et al., respondents-respondents; The Legal Aid Society, nonparty-appellant.


The Legal Aid Society, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), nonparty-appellant pro se.
Law Offices of James M. Abramson, PLLC, New York, NY, for respondent-respondent Coalition for Hispanic Family Services.



DECISION & ORDER
In this proceeding pursuant to Domestic Relations Law § 114(3), the appeal is from an order of the Family Court, Kings County (Richard Ross, J.H.O.), dated April 23, 2018. The order denied the nonparty's motion to vacate an order of adoption dated September 7, 2017, and to reopen the adoption proceeding.
ORDERED that the order dated April 23, 2018, is affirmed, without costs or disbursements.
On September 7, 2017, the Family Court issued an order of adoption approving the adoption of the then six-year-old subject child by the adoptive parent, with whom the child had been residing since he was three days old. Approximately five months later, on February 28, 2018, The Legal Aid Society, which had been assigned to represent the child in an underlying child neglect proceeding regarding the natural mother, filed a motion to vacate the order of adoption and to reopen the adoption proceeding pursuant to Domestic Relations Law § 114(3). The Legal Aid Society argued, inter alia, that the adoptive parent's recent statements with respect to her inability to care for and adopt the child should have been disclosed to the court prior to the issuance of the order of adoption, and that the failure to do so constituted valid grounds to vacate the order of adoption and to reopen the adoption proceeding. In an order dated April 23, 2018, the court denied the motion. The Legal Aid Society appeals.
Determinations made with respect to the adoption of a child must be made in furtherance of the child's best interests (see Domestic Relations Law § 114[1]; 116[4]; Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710). Pursuant to Domestic Relations Law § 114(3), "a judge or surrogate of a court in which the order of adoption was made may open, vacate or set aside such order of adoption for fraud, newly discovered evidence or other sufficient cause."
Here, we agree with the Family Court's determination to deny the motion to vacate [*2]the order of adoption and to reopen the adoption proceeding. While arguably certain facts should have been brought to light prior to the finalization of the adoption, the best interests of the child nonetheless support a denial of the motion. Significantly, it is undisputed that the child has resided in the care of the adoptive parent since he was three days old, that she is the only parent he has ever known, and that they share a loving relationship. Accordingly, we agree with the Family Court's conclusion that granting the motion, made five months after the approval of the adoption, would not have been in the child's best interests.
The appellant's remaining contentions are without merit.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court