Matter of Baby Girl XX. (Christine K.--Kimberly XX.) (2019 NY Slip Op 03415)





Matter of Baby Girl XX. (Christine K.--Kimberly XX.)


2019 NY Slip Op 03415


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526305

[*1]In the Matter of BABY GIRL XX., an Infant. CHRISTINE K. et al., Respondents; KIMBERLY XX., Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Amanda FiggsGanter, Albany, for appellant.
Gleason, Dunn, Walsh & O'Shea, Albany (Brendan C. O'Shea of counsel), for respondents.
William V. O'Leary, Albany, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Surrogate's Court of Albany County (Pettit, S.), entered January 22, 2018, which, among other things, granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, for the adoption of Baby Girl XX.
Respondent is the biological mother of Baby Girl XX. (born in 2017; hereinafter the child). Shortly after the child's birth in March 2017, respondent and the child's biological father each signed an extrajudicial consent to the adoption of the child by petitioners. Respondent's subsequent revocation of her consent was timely opposed by petitioners. After a hearing, Surrogate's Court determined that adoption was in the best interests of the child and that respondent's notice of revocation of consent would not be given effect. Surrogate's Court also authorized adoption of the child by petitioners. Respondent appeals.
A parent may revoke extrajudicial consent to a private-placement adoption within 45 days of its execution (see Domestic Relations Law § 115-b [3] [a]). Where, as here, the prospective adoptive parents timely oppose revocation, the court must conduct a hearing to determine "whether the best interests of the child will be served by returning custody of the child to the parents, or by the adoption of the child by the adoptive parents, . . . or by other disposition of the custody of the child" (Domestic Relations Law § 115-b [6] [d] [ii]). Notably, "the parent or parents who consented to such adoption shall have no right to the custody of the child superior to that of the adoptive parents, notwithstanding that the parent or parents who consented to the adoption are fit, competent and able to duly maintain, support and educate the child. The custody of such child shall be awarded solely on the basis of the best interests of the child, and there shall be no presumption that such interest will be promoted by any particular custodial disposition" (Domestic Relations Law § 115-b [6] [d] [v]).
"The primary factors to be considered in determining what custodial disposition will be in a child's best interests include the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided. In addition, other relevant considerations include the original placement of the child, the length of that placement, the financial status and ability of the parents to provide for the child, and the relative fitness of the prospective adoptive parents and the biological parents" (Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710 [2017] [citations omitted]; accord Matter of Baby Boy O. [Brittney L.P.—Melody O.], 162 AD3d 1586, 1587 [2018], lv denied 32 NY3d 905 [2018]; Matter of Summer A., 49 AD3d 722, 725 [2008]).
Each of the primary factors weighs in favor of a determination that adoption is in the child's best interests. Petitioners are approximately 30 years of age and have been married since January 2013. Petitioner Nolan K., the adoptive father, has stable employment and an annual salary of approximately $85,000, which allows petitioner Christine K., the adoptive mother, to be a full-time parent. By all accounts, they have a stable and loving marriage, are supported by extended family members and a community of close friends, are active members of their church and are committed to raising a family. Further, they have successfully served as foster parents to 21 children over a two-year period. Respondent and the biological father, who are also approximately 30 years of age, were married in 2011 and have two children who are older than the child. Within one year of their marriage, they moved into the home of the maternal grandmother to save on expenses, where respondent and the two older children continue to reside. Respondent and the biological father separated in May 2016, when he moved from the family home. The child was conceived during a one-week reconciliation attempt that respondent and the biological father made in June 2016. The biological father resides with his parents and has indicated that he has no intention of reconciling with respondent. Although he maintains contact with the two older children and pays child support for them, he testified that he has no interest in establishing a relationship with the child. The record establishes that petitioners can provide a loving, two-parent home that better supports the child's emotional and intellectual development. Additionally, the child was placed with petitioners within days of her birth, has continued to reside continuously with them and has been accepted as a member of petitioners' families.
In conclusion, the record demonstrates that respondent and the biological father made the difficult decision to place the child up for adoption because they were concerned that their separation and their respective living arrangements impaired their ability to adequately provide for the child. Although issues of this nature involve the emotions and sincere intentions of respondent, we conclude that the record supports the determination of Surrogate's Court that allowing petitioners to complete the adoption is in the child's best interests.
Garry, P.J., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.