Matter of Baby Boy O. (Robert--Kyle S. M.) (2020 NY Slip Op 01505)





Matter of Baby Boy O. (Robert--Kyle S. M.)


2020 NY Slip Op 01505


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-14246
2019-02546
 (Docket No. A-21887-17)

[*1]In the Matter of Baby Boy O. (Anonymous). Robert (Anonymous), et al., respondents; Kyle S. M. (Anonymous), appellant.


Rebecca Robbins, New York, NY, for appellant.
Magovern & Sclafani, Mineola, NY (Frederick J. Magovern of counsel), for respondents.
Laurette D. Mulry, Riverhead, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a contested private placement adoption proceeding pursuant to Domestic Relations Law article 7, the biological father appeals from (1) an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated October 25, 2018, and (2) an order of the same court dated January 30, 2019. The order dated October 25, 2018, after a hearing, determined that the biological father's consent was not required for the adoption. The order dated January 30, 2019, after a hearing, determined that the adoption was in the best interests of the subject child.
ORDERED that the orders are affirmed, without costs or disbursements.
The subject child of this contested private placement adoption proceeding was born out of wedlock in May 2017, in Pennsylvania. The biological father learned of the birth mother's pregnancy in September 2016. The biological father was incarcerated shortly thereafter and remained incarcerated for the duration of the pregnancy. The adoptive parents were present at the hospital for the child's birth and took custody of the child the following day. On June 9, 2017, after receiving approval from the Pennsylvania Interstate Compact on the Placement of Children office, the adoptive parents brought the child to their home in New York and filed a petition for adoption in the Family Court, Suffolk County.
In an order dated October 25, 2018, after a hearing, the Family Court determined that the biological father's consent to the adoption was not required. In an order dated January 30, 2019, after a hearing, the court determined that the adoption was in the best interests of the child. The biological father appeals.
The Family Court's determination that the biological father's consent to the adoption was not required is supported by clear and convincing evidence (see Domestic Relations Law § 111[1][e]; Matter of Baby Boy C., 13 AD3d 619). The biological father, who had limited contact with the birth mother and did not provide her with any financial assistance during her pregnancy, failed to meet his burden of establishing that he asserted his interest promptly and manifested " his ability and willingness to assume custody' during the six months prior to the child's placement" [*2](Matter of Seasia D., 10 NY3d 879, 880, quoting Matter of Raquel Marie X., 76 NY2d 387, 402; see Domestic Relations Law § 111[1][e]). Further, the court's rejection of the father's contention that the adoptive parents, the birth mother, and their attorneys perpetrated a fraud on the court is supported by the record.
We agree with the Family Court's determination that the best interests of the child will be promoted by allowing the adoptive parents to proceed with the adoption. "The primary factors to be considered in determining what custodial disposition will be in a child's best interests include the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided" (Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710; see Eschbach v Eschbach, 56 NY2d 167, 172). "In addition, other relevant considerations include the original placement of the child, the length of that placement, the financial status and ability of the parents to provide for the child, and the relative fitness of the prospective adoptive parents and the biological parents" (Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d at 710; see Eschbach v Eschbach, 56 NY2d at 172). Here, the court's determination was supported by the record. The adoptive parents demonstrated the ability to "maintain continuous and stable relationships and employment, and the record demonstrates that they are better suited to meet the day-to-day and life-long physical, emotional, and material needs of the child" (Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d at 710).
The biological father's constitutional challenge to Domestic Relations Law § 111(1)(e) is improperly raised for the first time on appeal (see Clement v Durban, 147 AD3d 39, 47, affd 32 NY3d 337).
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court