Matter of Baby S. (Angel CC.--Shamoi DD.) (2022 NY Slip Op 01219)





Matter of Baby S. (Angel CC.--Shamoi DD.)


2022 NY Slip Op 01219


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532789
[*1]In the Matter of Baby S., an Infant. Angel CC. et al., Respondents; Shamoi DD., Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.,

Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Gleason, Dunn, Walsh & O'Shea, Albany (Brendan C. O'Shea of counsel), for respondents.
Michelle I. Rosien, Philmont, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered January 4, 2021, which, among other things, granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, for the adoption of Baby S.
Respondent is the biological mother of the subject child (born in 2020). In June 2020, respondent executed an extrajudicial consent to the adoption of the child by petitioners. After petitioners commenced a proceeding to adopt the child, respondent filed a notice of revocation of her consent to the adoption. Petitioners opposed the revocation. Following a hearing, Family Court adopted the proposed findings of fact and conclusions of law submitted by petitioners in its entirety and found that respondent's extrajudicial consent was valid and that her notice of revocation was null and void. Respondent appeals. We affirm.
In view of respondent's timely revocation of her extrajudicial consent to the adoption and petitioners' timely opposition thereto, at issue is whether petitioners' adoption of the child, as permitted by Family Court, served the child's best interests (see Domestic Relations Law § 115-b [6] [d] [ii]; Matter of Baby Girl XX. [Christine K.—Kimberly XX.], 172 AD3d 1476, 1477 [2019], lv denied 34 NY3d 905 [2019]). "The custody of [the] child shall be awarded solely on the basis of the best interests of the child, and there shall be no presumption that such interest will be promoted by any particular custodial disposition" (Domestic Relations Law § 115-b [6] [d] [v]).
As an initial matter, respondent asserts that Family Court improperly delegated its responsibility to make factual findings when it adopted petitioners' proposed findings of fact in total. The court, however, directed the parties to submit their own proposed findings of fact, and it was permitted to receive them and "pass upon [them]" (CPLR 4213 [a]). Furthermore, the mere fact that the court adopted petitioners' proposed findings of fact "does not . . . compel a conclusion that [it] did not undertake an independent evaluation of the record" (Gaglio v Molnar-Gaglio, 300 AD2d 934, 936 n [2002] [internal quotation marks and citation omitted]). The court presumably "did exactly that and, as a result, concurred with the proposed findings submitted" (Gerenstein v Williams, 282 AD2d 786, 787 [2001]).[FN1] Nevertheless, even if we agreed with respondent's assertion, remittal is unnecessary given that the record is sufficiently developed for us to make independent findings consistent with the best interests of the child (see Matter of Kathleen K. v Daniel L., 177 AD3d 1130, 1131-1132 [2019]).
The record supports Family Court's determination permitting the adoption of the child by petitioners. The hearing evidence discloses that petitioners are employed and financially stable, maintain health insurance, have family support to assist in caring for the child and live in a multibedroom house with the child and their other children[*2]. While in petitioners' care, the child was taken to a pediatrician for regular visits. Petitioners testified that they are active in their church and have indicated that they intend to raise the child in line with their religious background. The child has lived with petitioners for her entire life, petitioners have bonded with her, and she has been accepted as a member of petitioners' family. Various witnesses also testified attesting to petitioners' parenting abilities.
The record reflects that, due to various reasons, respondent made the difficult choice to place the child up for adoption. Although respondent's circumstances may have changed since making an emotionally-charged decision, having considered the relative fitness of the parties based upon the hearing evidence, in addition to the other factors as part of the best interests analysis, the adoption of the child by petitioners serves the best interests of the child (see Matter of Baby Girl XX. [Christine K.—Kimberly XX.], 172 AD3d at 1478; Matter of Anya W. [Darryl W.—Chalika W.-R.], 156 AD3d 709, 710 [2017]; Matter of Baby Boy P., 244 AD2d 491, 492 [1997]). As such, Family Court's order will not be disturbed.
Garry, P.J., Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We note that a court's wholesale copying of the prevailing party's proposal, although occasionally allowable, is rarely advisable, particularly in such a delicate case. The better practice is for a court to craft its own decision "stat[ing] the facts it deems essential" (CPLR 4213 [b]), even if it incorporates many of the findings submitted by one party (compare Howard v Carr, 222 AD2d 843, 845 [1995]).