Matter of Ruth C. (Jaslene C.) (2024 NY Slip Op 01808)

Matter of Ruth C. (Jaslene C.)

2024 NY Slip Op 01808

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-07854
2022-07856
2022-08390
 (Docket Nos. N-29971-15, B-24285-17)

[*1]In the Matter of Ruth C. (Anonymous). MercyFirst, respondent; Jaslene C. (Anonymous), etc., et al., appellants. (Proceeding No. 1.)
In the Matter of Ruth C. (Anonymous). Administration for Children's Services, petitioner; Jaslene B. (Anonymous), et al., appellants. (Proceeding No. 2.)

Christian P. Myrill, Jamaica, NY, for appellant Jaslene C. in Proceeding No. 1, named as Jaslene B. in Proceeding No. 2.
Peter Wilner, Jamaica, NY, for appellant Jeanty O.
Ira L. Eras, P.C., Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 10, the mother appeals from (1) a decision of the Family Court, Kings County (Ilana Gruebel, J.), dated October 10, 2019, and (2) an order of fact-finding and disposition of the same court dated September 12, 2022, and Jeanty O. separately appeals from (1) a decision and order (one paper) of the same court dated August 23, 2022, and (2) the order of fact-finding and disposition. The decision and order, insofar as appealed from, after a dispositional hearing, inter alia, granted that branch of the motion of MercyFirst, made in the proceeding pursuant to Family Court Act article 10, which was to suspend visitation between Jeanty O. and the subject child. The order of fact-finding and disposition, upon the decision, upon the decision and order, and after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, determined that the consent of Jeanty O. to the adoption of the subject child was not required, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to MercyFirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother's notice of appeal from the decision and order is deemed to be a notice of appeal from the order of fact-finding and disposition (see CPLR 5512[a]).
ORDERED that the appeal by the mother from the decision is dismissed, without [*2]costs or disbursements; and it is further,
ORDERED that the appeal by Jeanty O. from the decision and order is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The appeal by the mother from the decision dated October 10, 2019, must be dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509). The appeal by Jeanty O. from the decision and order dated August 23, 2022, must be dismissed. To the extent the portion of the decision and order appealed from constitutes a decision, no appeal lies from a decision (see id.). To the extent the portion of the decision and order appealed from constitutes an order, the appeal therefrom must be dismissed as academic in light of our determination on the appeals from the order of fact-finding and disposition dated September 12, 2022.
The subject child was born in November 2015. She was placed in foster care within days of her birth. The man to whom the mother was married at the time of the child's conception died three months prior to the child's birth. No man was listed as the child's father on the child's birth certificate.
In 2016, in a proceeding pursuant to Family Court Act article 10, the Family Court found that the mother derivatively neglected the child, as the mother's three older children were removed from her care and placed in foster care due to grossly excessive corporal punishment, and, despite agency assistance, she not only never regained custody of the children, but had her parental rights terminated with respect to those children.
In August 2017, MercyFirst commenced a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the child on the ground, inter alia, of permanent neglect. The petition alleged that no other individual was entitled to notice, as the child's birth certificate did not identify any individual as the father, there was no individual listed on the putative father registry as the father of the child, and the mother had identified her deceased husband as the child's father.
In December 2017, after learning that he might be the child's father, Jeanty O. filed a paternity petition. An order of filiation adjudicating Jeanty O. to be the father of the child was issued in October 2018. Jeanty O. thereafter moved to be joined as a respondent in the termination of parental rights proceeding. In December 2018, the Family Court denied the motion.
After a fact-finding hearing, the Family Court found that the mother permanently neglected the child. The court also determined that Jeanty O. was entitled to notice of the proceeding and to present evidence at the dispositional hearing. However, the court determined that the consent of Jeanty O. to any adoption of the child was not required.
After a dispositional hearing during which the mother, Jeanty O., a MercyFirst case planner, and the foster parent testified, the Family Court terminated the mother's parental rights and transferred custody and guardianship of the child to MercyFirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother and Jeanty O. separately appeal.
To establish that a parent has permanently neglected a child, a petitioning agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4][d]; [7][a]). Here, contrary to the mother's [*3]contention, MercyFirst was properly excused from its obligation to demonstrate diligent efforts since the Family Court previously determined, pursuant to Family Court Act § 1039-b, "that reasonable efforts to make it possible for the child to return safely to [the child's] home [were] not required" (Social Services Law § 384-b[7][a]; see Matter of "No Given Name" D. [Melissa L.D.], 165 AD3d 1107, 1108).
Contrary to the mother's contention, MercyFirst established by clear and convincing evidence that she permanently neglected the child by failing to maintain contact with MercyFirst for several months during the relevant period (see Matter of Dariuss M.D.-B. [Darnell B.], 187 AD3d 904, 906) and by failing to plan for the child's future. Where, as here, a parent has only partially complied with his or her service plan and has not gained insight into the issues that caused removal of the child, the parent has not planned for the child's future (see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580).
Contrary to the mother's contention, the Family Court did not err in failing, sua sponte, to appoint a guardian ad litem for her. The record demonstrates that she was capable of understanding the proceedings, defending her rights, and assisting counsel (see CPLR 1201; Matter of Barbara Anne B., 51 AD3d 1018, 1019).
The evidence adduced at the dispositional hearing established that termination of the mother's parental rights was in the child's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1005). Contrary to the mother's contention, a suspended judgment was not appropriate in light of, inter alia, her failure to consistently visit the child and to maintain contact with MercyFirst (see Matter of Quadir C.B. [Emmanuel D.], 166 AD3d 968, 970). Moreover, such a disposition would "only prolong the delay of stability and permanenc[y]" in the child's life (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 732).
Contrary to Jeanty O.'s contention, the Family Court properly determined that his consent was not required for the adoption of the child. Notably, Jeanty O. never expressly argued to the court that his consent was required for the adoption. Instead, at multiple points during the fact-finding hearing, his counsel expressly declined to advance such an argument and, in effect, conceded that Jeanty O.'s consent was not required for the adoption of the child. In any event, the court's determination that Jeanty O.'s consent was not required for the adoption of the child was supported by clear and convincing evidence (see Domestic Relations Law former § 111[1][d]; Matter of Robert O. v Russell K., 80 NY2d 254, 262; Matter of Jasiah T.-V.S.J. [Joshua W.], 112 AD3d 717). Additionally, Jeanty O.'s contention that his counsel was ineffective for failing to argue that he was a consent father is without merit (see generally Matter of Assatta N.P. [Nelson L.], 92 AD3d 945, 945-946), as is his contention that the court lacked personal jurisdiction over him (see Matter of Richardson v Richardson, 80 AD3d 32, 35). Further, Jeanty O.'s constitutional challenge to Domestic Relations Law § 111(1) is improperly raised for the first time on appeal and not properly before this Court (see Matter of Baby Boy O. [Robert—Kyle S.M.], 181 AD3d 606, 607).
The parties' remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court